## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### Marshall Division

| | | |
|---|---|---|
| BATTERY CONSERVATION | § | |
| INNOVATION, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| ZEPP LABS, INC. | § | |
| | § | |
| Defendant. | § | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Battery Conservation Innovation, LLC hereby complains of defendant Zepp Labs, Inc. ("Zepp" or "Defendant") as follows:

## PARTIES

1.      Plaintiff Battery Conservation Innovation, LLC   ("Battery Conservation") is a company organized under the laws of the State of Texas with its principal place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2.      On information and belief, Defendant Zepp Sports, Inc. ("Zepp") is a privately-held company with its principal place of business located at 20 South Santa Cruz Avenue, Suite 102, Los Gatos, California 95030.  On information and belief, Defendant Zepp regularly conducts business in this judicial district at least through its offers for sale, and sales of infringing systems and services.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

4.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court may exercise personal jurisdiction over Zepp based upon its contacts within this forum, including regularly conducting business in this judicial district, by, *inter alia*, selling/offering for sale infringing systems and services in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) or 1400(b).

## THE '158 patent

7.      United States Patent No. 9,239,158 ("the '158 patent") entitled "Battery-Conserving Flashlight and Method Thereof" was duly and legally issued by the United States Patent & Trademark Office on January 19, 2016.

8.      Battery Conservation owns all right title and interest in the '158 patent.  A copy of Battery Conservation's '158 patent is attached to this Complaint as Exhibit A.

## DEFENDANTS' INFRINGING ACTIVITIES

9.      Without Battery Conservation's authorization, Zepp has made, used, offered for sale and sold in the United States systems that infringe one or more claims of the '158 patent. Additionally, Zepp has infringed one or more of the method claims of the '158 patent.  The Accused Zepp instrumentalities include, at least its Zepp Sensor products for baseball, golf, tennis and softball listed on the Zepp website at www.Zepp.com/en-us/ (the "Accused Zepp Instrumentality").  Upon information and belief, the Zepp Sensors for baseball, golf, tennis and softball operate in identical ways for the purposes of infringement of the '158 patent.  Battery Conservation will supplement this list should additional infringing instrumentalities be

discovered in due course.  The Zepp "product" includes the function of conserving battery life by powering down the device after a pre-determined period of inactivity.

10.     Battery Conservation has been and will continue to be irreparably harmed by Zepp's infringement of the '158 patent.

## COUNT 1: PATENT INFRINGEMENT

11.     Battery Conservation re-alleges each and every allegation above, and incorporates them by reference herein.

12.     Zepp has directly infringed and continues to directly infringe at least claims 15 and 17 of the '158 patent under 35 U.S.C. §271(a), by making and/or importing, using, offering to sell, and selling the Accused Zepp Instrumentality in or into the United States.

13.     Claim 15 is used here to demonstrate Zepp's infringement of the '158 patent's claims.  The following statements are in no way meant to limit Battery Conservation's ability to assert additional claims of the '158 patent.  Infringement contentions pursuant to the local patent rules will be served in due course this case and those contentions are incorporated herein by reference.

14.     Claim 15 of the '158 patent recites:

A battery-conserving electronic device comprising:

A body including an opening for accessing an interior of the body;

At least one battery disposed in the body and configured for powering the device;

A controller disposed in the body configured to determine if the body is in motion, wherein if the body is not in motion for a first predetermined period of time, the controller decouples the at least one battery from the electronic device to conserve energy in the at least one battery; and

A visual indicatory disposed on an exterior surface of the body, wherein the controller activates the visual indicator.

15.     The Accused Zepp Instrumentality infringes claim 15 of the'158 patent by, for example and without limitation, providing an electrical device that is powered by a battery.  This swing sensor, which is attached to the knob of a tennis racket, golf club, or baseball/softball bat, goes to sleep and powers down after a pre-determined amount of time to conserve battery power. The Accused Zepp Instrumentality has a sensor enclosed in body that includes the casing that attaches the sensor to the knob of the tennis racket, golf club, or baseball/softball bat.  The battery in the sensor is accessed through the body of the sensor.   The sensor includes a controller to determine if the body is in motion, and the goes into "sleep mode" or "power off" mode after a pre-determined amount of time: "the Zepp 2 sensor will automatically power off if not swings have been taken for 15 min."  (www.zepp.com/assets/docs/user_guide_zepp_baseball.pdf/ (last visited Sept. 14, 2016) (Zepp sensors for tennis and golf operate in identical manners as the Zepp sensor for baseball/softball for the purposes infringement of the '158 patent).  Because the sensor turns off and the LED lights are disabled, it is decoupled from the battery by the controller.  The Accused Zepp Instrumentality includes "indicator lights" disposed on the exterior surface of the body that is controlled by the controller and gives a visual indication of whether the sensor is turned on or off. (*Id.*).  The Accused Zepp Instrumentality includes a motion-sensing device that is configured to detect motion of the tennis racket, golf club, or baseball/softball bat.

16.     Upon information and belief available to the Battery Conservation at the time of the filing of this Complaint, Zepp has infringed, and continues to infringe, at least claims 15 and 17 of the '158 patent.

## JURY DEMAND

**17.**      Battery Conservation requests a trial by jury of all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Battery Conservation respectfully prays for:

A.      Judgment that Defendant Zepp has and is infringing United States Patent No. 9,239,158 in violation of 35 U.S.C. § 271(a);

C.      An award of damages adequate to compensate Plaintiff Battery Conservation for the patent infringement that has occurred pursuant to 35 U.S.C. § 284;

D.      An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

E.      Such other and further relief as this Court deems just and proper.


Dated:  Oct. 6, 2016               */s/ Matthew P. Harper*
                                   **Thomas C. Wright**
                                   Texas Bar No. 24028146
                                   **Matthew P. Harper**
                                   Texas Bar No. 24037777

                                   **CUNNINGHAM SWAIM, LLP**
                                   7557 Rambler Road, Suite 400
                                   Dallas, Texas 75231
                                   Tel:  214-646-1495
                                   Fax: 214-613-1163

                                   **ATTORNEYS FOR PLAINTIFF**
                                   **BATTERY CONSERVATION**
                                   **INNOVATION, LLC.**